# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A., <br><br> Petitioner, <br><br> v. <br><br> TONYA ANDREWS, et al., <br><br> Respondents. | No. 1:25-cv-01782 JLT SAB (HC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PRELIMINARY INJUNCTION, DIRECTING RESPONDENT TO IMMEDIATELY RELEASE PETITIONER, AND SETTING FURTHER BRIEFING SCHEDULE <br><br> (Docs. 2, 14) |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 7, 2026, the magistrate judge issued findings and recommendations recommending that the motion for preliminary injunction be granted and Respondents be directed to immediately release Petitioner on the conditions of his prior release from custody. (Doc. 14.) On January 20, 2026, Respondents filed timely objections. (Doc. 15.) On January 22, 2026, Petitioner filed a reply to the objections. (Doc. 16.)

According to the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record

1

and proper analysis.[1] Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on January 7, 2026 (Doc. 14) are **ADOPTED IN FULL**.
2. The motion for preliminary injunction (Doc. 2) is **GRANTED**.
3. Respondent is directed to **IMMEDIATELY RELEASE** Petitioner on the conditions of his prior release from custody until DHS proves to a neutral adjudicator by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight.
4. The matter is referred to the assigned magistrate judge for consideration of the merits of the petition.
5. The Court sets the following briefing schedule, which may be modified by the magistrate judge as needed. Respondents may file a further brief on the merits of the habeas petition within 45 days. Alternatively, as soon as it can within that 30-day period, Respondents may file a notice that they do not intend to file further briefing. If Respondents file an additional brief, Petitioner may file a further brief within 30 days thereafter.

IT IS SO ORDERED.

Dated:   **January 24, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[1] Crucially, Respondents have not disputed Petitioner's assertion that he was compliant with the terms of his release. Though Petitioner indicated that "once, an officer told [him] he had missed a home visit," (Doc. 2 at 10), Petitioner claims to have spoken with his case manager about that one incident and was told it was "okay." (*Id*.) Respondents have offered no further details or any indication that the missed visit was recorded by ICE as a violation, nor do they take the position that this missed visit justifies Petitioner's detention. As the magistrate judge noted: "Respondents do not argue that Petitioner's re-detention was based on any violations of his conditions of release or that Petitioner is now considered a flight risk or danger to the community." (Doc. 14 at 13.) Respondents' objections do not take issue with that finding. (*See* Doc. 15.) On this record, the Court finds immediate release is warranted.