**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.A,<br><br>                    Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>                    Respondents. | Case No. 1:25-cv-01782-JLT-SAB (HC)<br><br>ORDER WITHDRAWING THE REFERENCE OF THE MATTER TO THE MAGISTRATE JUDGE AND GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

On December 8, 2025, Petitioner filed a petition for writ of habeas corpus and motion for temporary restraining order ("TRO"). (Docs. 1, 2.) The Court converted the motion for TRO to a motion for preliminary injunction and referred the matter to the assigned magistrate judge. (Doc. 7.) On January 7, 2025, the magistrate judge issued findings and recommendations to grant a preliminary injunction and order Petitioner's immediate release. (Doc. 14.) On January 26, 2026, the Court adopted the findings and recommendations, granted a preliminary injunction, and directed Respondents to immediately release Petitioner. (Doc. 17.)

The Court set a briefing schedule and referred the matter to the assigned magistrate judge for consideration of the merits. As Respondents have filed a notice of election to rely on the current record, (Doc. 18), the undersigned hereby withdraws that reference in the interest of justice and to promote judicial and party efficiency.

///

For the reasons set forth in the Court's order granting preliminary injunction, (Doc. 17), the Court **ORDERS** that:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

2. Respondents are **PERMANENTLY ENJOINED[1] AND RESTRAINED** from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a flight risk or danger to the community.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    July 2, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.